UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

LHAKPA TSAMCHO, on behalf of herself and all
other similarly situated individuals,

               Plaintiff,

       -against-

JANET NAPOLITANO, in her official capacity as
Secretary of the Department of Homeland Security;
ALEJANDRO MAYORKAS, in his official capacity
as Director of United States Citizenship and
Immigration Services; DONALD NEUFELD, in his
official capacity as Associate Director of the Service
Center Operations Directorate of United States
Citizenship and Immigration Services; GREGORY
RICHARDSON, in his official capacity as Director
of the Texas Service Center of United States
Citizenship and Immigration Services; and MARK
HAZUDA, in his official capacity as Director of the
Nebraska Service Center of United States
Citizenship and Immigration Services,

               Defendants.

---------------------------------------------------------------

10-CV-02029 (NGG) (MDG)

(ECF CASE)

**STIPULATION AND
AGREEMENT
OF CLASS ACTION
SETTLEMENT**

## STIPULATION AND AGREEMENT OF CLASS ACTION SETTLEMENT

Plaintiff Lhakpa Tsamcho, on behalf of herself and all other similarly situated

individuals, and Defendants Janet Napolitano, Secretary of Homeland Security; Alejandro

Mayorkas, Director of United States Citizenship and Immigration Services; Donald Neufeld,

Associate Director of the Service Center Operations Directorate of United States Citizenship and

Immigration Services; Gregory Richardson, Director of the Texas Service Center of United

States Citizenship and Immigration Services; and Mark Hazuda, Director of the Nebraska

Service Center of United States Citizenship and Immigration Services (together, "Defendants"),

1

by and through their attorneys, hereby enter into this Stipulation and Agreement of Class Action Settlement (the "Stipulation").

WHEREAS:

A.    Plaintiffs filed this Action on behalf of themselves and all similarly situated individuals against Defendants in the United States District Court for the Eastern District of New York on May 5, 2010, seeking class-wide declaratory and injunctive relief;

B.    Plaintiffs' counsel have conducted discussions and arm's length negotiations with Defendants' counsel with respect to a compromise and settlement of this Action with a view to settling the issues in dispute;

C.    To date, Defendants have not answered or otherwise responded to the Complaint, and the Court has not granted class certification, designation of class counsel, or declaratory or injunctive relief;

D.    Defendants deny all liability with respect to this Action, deny that they have engaged in any wrongdoing, deny the allegations in the Complaint, deny that they committed any violation of law, deny that they acted improperly in any way, and deny liability of any kind to the Plaintiff, Class Members, or the Putative Class Members, but agree to the settlement and dismissal of this Action on the terms of this Stipulation in order to avoid the substantial expense, inconvenience, and distraction of protracted litigation;

E.    After considering the benefits that the Plaintiff, Class Members, and Putative Class Members will receive from settlement of this Action and the risks of litigation, Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair,

2

reasonable, adequate, and in the best interests of the Plaintiff, Class Members and Putative Class Members;

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and among the parties to this Stipulation through their respective attorneys, that this Action is settled, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and subject to the following terms and conditions:

## I.   **Definitions**

Wherever used in this Stipulation, the following terms have the meanings set forth below:

1.    "Action" means the above-captioned action pending in the United States District Court for the Eastern District of New York (10-CV-02029 (NGG) (MDG)).

2.    "Plaintiff" is Lhakpa Tsamcho and her personal representatives, assigns, and heirs.

3.    "Defendants" are Janet Napolitano, in her capacity as Secretary of Homeland Security; Alejandro Mayorkas, in his capacity as Director of United States Citizenship and Immigration Services; Donald Neufeld, in his capacity as Associate Director of the Service Center Operations Directorate of United States Citizenship and Immigration Services; Gregory Richardson, in his capacity as Director of the Texas Service Center of United States Citizenship and Immigration Services; and Mark Hazuda, in his capacity as Director of the Nebraska Service Center of United States Citizenship and Immigration Services.

4.    "USCIS" is the United States Citizenship and Immigration Services and its officials acting in their official capacity.

3

5.    "Released Parties" means any and all of Defendants, their predecessors and successors, their departments and agencies, and their past or present agents, employees, and contractors.

6.    "Form I-730" or "I-730 Petition" or "Petition" means the Refugee/Asylee Relative Petition filed by an individual who has been granted asylum, by which the individual requests derivative refugee or asylum status for his or her spouse and/or child who resides outside the United States. (*See* 8 C.F.R. § 207.7(f)(2) and 8 C.F.R. § 208.21(d); *cf.* 8 C.F.R. § 207.7(f)(1) and 8 C.F.R. § 208.21(e) (establishing rules for requesting derivative refugee and asylum status for spouses and children residing inside the United States).)

7.    "Petitioner" is the petitioner identified on a Form I-730.

8.    "Beneficiary" is a beneficiary identified on a Form I-730.

9.    "Consular Interview" is an interview conducted at a United States Consulate or Embassy or USCIS office outside of the United States, in connection with an approved I-730 Petition, for the purpose of determining the identity of a Beneficiary and the Beneficiary's eligibility for a travel document for admission into the United States.

10.    "Consulate" means the American Embassy or United States Consulate having jurisdiction over the area in which the Petitioner's Beneficiary is located, or the American Embassy or United States Consulate at which a Consular Interview of a Beneficiary has been or will be scheduled.

11.    "Class Members" or "Plaintiffs" are defined as follows:

Petitioners who have submitted or who, during the effective dates of this Stipulation described in Section VII, will submit an I-730 Petition to USCIS and whose such I-730 Petition has been or will be approved by USCIS, but whose Beneficiary of that I-730

Petition did not or will not appear for a Consular Interview for processing in accordance with 8 C.F.R. §§ 207.7(f)(2) or 208.21(d) and related provisions.

12.    "Class Counsel" means counsel for Plaintiff and the Class Members: the New York Legal Assistance Group, 7 Hanover Square, 18th floor, New York, NY 10004.

13.    "Putative Class Members" are those Petitioners who claim or purport to be Class Members.

14.    "Effective Date" is the date on which the Final Judgment of this Action is entered by the Court.

15.    "Settled Claims" means any and all claims in law or equity that were asserted or that could have been asserted by Plaintiff in this Action, based upon the facts alleged in the Complaint, and excluding claims that are to be withdrawn without prejudice pursuant to the terms of this Stipulation.

16.    "Settlement" means settlement of this Action under the terms set forth in this Stipulation.

17.    "No-Show Letter" is a letter, sent to Petitioners when a Beneficiary has failed to appear for a Consular Interview, informing the Petitioner of the options for rescheduling a Consular Interview, and informing Petitioner how the I-730 Petition at issue will be handled by USCIS. For the purposes of this Stipulation, and allowing for non-material changes, a "No-Show Letter" shall be substantively the same as the letter attached as Exhibit A.

18.    "No-Show Letter Instructions" are instructions for properly responding to a No-Show Letter, and are set forth in a No-Show Letter. The No-Show Letter Instructions entitled "Instructions for How to Proceed If the Beneficiary Can Attend an Interview in the Next Six

5

Months" are applicable in cases where a Beneficiary can attend a Consular Interview within six months of the date of the No-Show Letter. The No-Show Letter Instructions entitled "Instructions for How to Proceed If the Beneficiary Cannot Attend an Interview in the Next Six Months" are applicable in cases where a Beneficiary cannot attend a Consular Interview within six months of the date of the No-Show Letter.

19. "Administratively Close" and "Administratively Closed" means administratively suspending further action on an approved I-730 Petition in accordance with the terms of this Stipulation. An Administratively Closed I-730 Petition shall be subject to future processing if and when USCIS Reaffirms the Petition.

20. "Reopen" or "Reopened" mean that an I-730 Petition that has already been decided is reopened by USCIS for further action.

21. "Reopen and Deny" or "Reopened and Denied" or "Reopening and Denying" mean USCIS reopening an approved I-730 Petition on its own motion and then denying or revoking that Petition.

22. "Reaffirm" or "Reaffirmed" means USCIS confirming the previous approval of the Petition so that the Petition may be processed.

23. "Notice of Action" means a notice from USCIS, on Form I-797 or the appropriate immigration form, informing a Petitioner of an action taken by USCIS with regard to an I-730 Petition.

24. "Nebraska Specifically-Identified Individuals" or "NSII Group" means Petitioners whose approved I-730 Petitions were Reopened and Denied by the Nebraska Service Center of USCIS from January 1, 2008 until the Effective Date of this Agreement because a

6

Beneficiary failed to appear for a Consular Interview. USCIS estimates that the number of approved I-730 Petitions filed by Nebraska Specifically-Identified Individuals that were later Reopened and Denied because a Beneficiary failed to appear for a Consular Interview is at least 160.

25. "NSII Group Notice" means a notice to be issued in accordance with this Stipulation informing the NSII Group of their right to relief under this Stipulation. For the purposes of this Stipulation, and allowing for non-material changes, a "NSII Group Notice" shall be substantively the same as the notice attached as Exhibit B.

26. "Public Service Announcement" means a notice informing Class Members of their right to relief under this Stipulation. For the purposes of this Stipulation, and allowing for non-material changes, the "Public Service Announcement" shall be substantively the same as the notice attached as Exhibit C.

27. "Class Settlement Notice" means a notice informing the Class Members and Putative Class Members of the Stipulation and its terms, and of the right to object to the terms of the Settlement set forth in this Stipulation in a manner established by the Court in accordance with Federal Rule of Civil Procedure 23. The parties agree that the Class Settlement Notice attached to this Stipulation as Exhibit D constitutes a fair and reasonable notice of this Action and the Class Members' and Putative Class Members' right to object to the Settlement of this Action.

28. "Preliminary Approval Order" means an order jointly proposed by the parties and preliminarily approving this Stipulation in advance of any final approval of this Stipulation in accordance with Federal Rule of Civil Procedure 23. The Preliminary Approval Order submitted

to the Court in this Action by the parties in accordance with this Stipulation shall be substantively the same as the Preliminary Approval Order attached as Exhibit E.

29.    "Final Approval Order" means an order jointly proposed by the parties and entering final judgment in this Action.   The Final Approval Order submitted to the Court in this Action by the parties in accordance with this Stipulation shall be substantively the same as the Final Approval Order attached as Exhibit F.

## II.    Prospective Treatment of I-730 Petitions

1.    Beginning fourteen (14) days after the Effective Date of the Stipulation, if not before, Defendants will not Reopen and Deny approved I-730 Petitions solely because a Beneficiary has not appeared for a Consular Interview, except as provided herein.  If a Beneficiary fails to appear for a Consular Interview, USCIS shall contact the Petitioner, determine whether the Beneficiary is or will be able to appear for a Consular Interview, and, if so, shall Reaffirm or Administratively Close the Petition.  Nothing shall prevent USCIS from taking further action on an approved I-730 Petition, including Reopening and Denying an approved I-730 petition, for reasons other than the failure of a Beneficiary to appear for a Consular Interview.

2.    Beginning no more than fourteen (14) days after the Effective Date of the Stipulation, and for the duration of this Stipulation, Defendants agree to handle I-730 Petitions in cases where Beneficiaries fail to appear for a Consular Interview in accordance with Section II.3-II.7 of this Stipulation.

3.    Issuing a No-Show Letter.  If a Consulate or USCIS overseas office returns an approved I-730 Petition to the USCIS Service Center because a Beneficiary of an approved I-730

Petition does not appear for a Consular Interview, then USCIS shall Administratively Close the I-730 Petition and send the Petitioner a No-Show Letter.

4.    <u>Response to a No-Show Letter and Administrative Closure</u>.  If the Petitioner responds to the applicable No-Show Letter Instructions of the No-Show Letter issued to Petitioner and indicates a desire to proceed with processing of the I-730 Petition, then USCIS shall take the following steps:

a.    If the Petitioner or Beneficiary indicates that the Beneficiary will be able to attend a Consular Interview within six months of the date of the Petitioner or Beneficiary's response, USCIS shall Reaffirm the I-730 Petition and send it to the U.S. Department of State's National Visa Center for completion of a Consular Interview and other processing.  USCIS shall issue to the Petitioner a Notice of Action indicating that the I-730 Petition has been Reaffirmed and sent to the U.S. Department of State's National Visa Center for completion of a Consular Interview and other processing.

b.    If the Petitioner or Beneficiary indicates that the Beneficiary is unable to attend a Consular Interview within six months of the date of the Petitioner or Beneficiary's response, or if the Petitioner or Beneficiary cannot identify when the Beneficiary will be able to attend a Consular Interview, the I-730 Petition shall remain Administratively Closed.  Once the Petitioner complies with the instructions of the No-Show Letter by notifying USCIS that the Beneficiary will be able to attend a Consular Interview within six months of the date of the Petitioner or Beneficiary's response, USCIS shall Reaffirm the Petition for processing and shall issue to the Petitioner a Notice of Action indicating that the I-730 Petition has been Reaffirmed and sent to the U.S.

9

Department of State's National Visa Center for completion of a Consular Interview and other processing.

5.    If the Petitioner does not respond or fails to comply with the instructions in the No-Show Letter, the approved I-730 Petition shall remain Administratively Closed.

6.    If the Petitioner elects to withdraw the I-730 Petition, USCIS may Reopen and Deny the I-730 Petition.

7.    Nothing in this Stipulation restricts USCIS from Reopening and Denying an I-730 Petition filed by a Petitioner on grounds other than the failure of a Beneficiary to appear for an interview.

## III.    Retrospective Treatment of Denied I-730 Petitions

### A.    NSII GROUP

1.    No later than thirty (30) days after the Effective Date, USCIS shall Reopen and Administratively Close all NSII Group I-730 Petitions which were Denied solely because a Beneficiary of an I-730 Petition filed by an NSII Group did not appear for a Consular Interview.

2.    NSII Group Notices:  To ensure appropriate notice to members of the NSII Group of their right to relief under this Stipulation, within thirty (30) days after the Effective Date, Defendants shall mail NSII Group Notices to the last address known by USCIS to each Nebraska Specially-Identified Individual.  Defendants shall inform counsel for Plaintiffs when all NSII Group Notices have all been mailed.

3.    USCIS shall approve the I-730 Petition of any NSII Group member who responds to a NSII Group Notice, indicating a desire to pursue processing of the I-730 Petition, and who complies with the instructions set forth in the NSII Group Notice.

10

a. If the Petitioner or Beneficiary indicates that the Beneficiary will be able to attend a Consular Interview within six months of the date of the Petitioner or Beneficiary's response, USCIS shall Reaffirm the I-730 Petition and send it to the U.S. Department of State's National Visa Center for completion of a Consular Interview and other processing. USCIS shall issue to the Petitioner a Notice of Action indicating that the I-730 Petition has been Reaffirmed and sent to the U.S. Department of State's National Visa Center for completion of a Consular Interview and other processing.

b. If the Petitioner or Beneficiary indicates that the Beneficiary is unable to attend a Consular Interview within six months of the date of the Petitioner or Beneficiary's response, or if the Petitioner or Beneficiary cannot identify when the Beneficiary will be able to attend a Consular Interview, the I-730 Petition shall remain Administratively Closed. Once the Petitioner notifies USCIS, in compliance with the instructions of the NSII Group Notice, that the Beneficiary will be able to attend a Consular Interview within six months of the date of the Petitioner or Beneficiary's response, USCIS shall Reaffirm the Petition for processing and shall issue to the Petitioner a Notice of Action indicating that the I-730 Petition has been Reaffirmed and sent to the U.S. Department of State's National Visa Center for completion of a Consular Interview and other processing.

4. USCIS shall not Deny the I-730 Petitions of NSII Group Members who do not respond to or fail to comply with the NSII Group Notice, but shall continue to keep those I-730 Petitions Administratively Closed, and shall Reaffirm such Petitions if and when NSII Group

11

Members inform USCIS, in compliance with the instructions of the NSII Group Notice, that their Beneficiaries will be able to attend a Consular Interview.

5.      Nothing in this Stipulation restricts USCIS from Denying an I-730 Petition filed by a NSII Group member on grounds unrelated to the failure of a Beneficiary to appear for an interview.

## B.     <u>ALL OTHER CLASS MEMBERS</u>

1.      <u>Public Service Announcement</u>.  To ensure proper notice to Class Members of their right to relief under this Stipulation, within fourteen (14) days after the Effective Date, Defendants shall publish a Public Service Announcement.  The Public Service Announcement shall be published on USCIS's website in a conspicuous manner, and through other third-party websites that the parties shall work together in good faith to identify no later than seven (7) days from the Effective Date.

2.      USCIS shall Reopen and approve the I-730 Petition of any Class Member or Putative Class Member who contacts USCIS and indicates a desire to pursue processing of the I-730 Petition and who meets the definition of a Class Member.

a.  If the Petitioner or Beneficiary indicates that the Beneficiary will be able to attend a Consular Interview within six months of the date of the Petitioner or Beneficiary's response, USCIS shall Reaffirm the I-730 Petition and send it to the U.S. Department of State's National Visa Center for completion of a Consular Interview and other processing.  USCIS shall issue to the Petitioner a Notice of Action indicating that

the I-730 Petition has been Reaffirmed and sent to the U.S. Department of State's National Visa Center for completion of a Consular Interview and other processing.

b.  If the Petitioner or Beneficiary indicates that the Beneficiary is unable to attend a Consular Interview within six months of the date of the Petitioner or Beneficiary's response, or if the Petitioner or Beneficiary cannot identify when the Beneficiary will be able to attend a Consular Interview, then USCIS shall Administratively Close the I-730 Petition.  Once the Petitioner notifies USCIS, in accordance with the instructions in the Public Service Announcement, that the Beneficiary will be able to attend a Consular Interview within six months of the date of the Petitioner or Beneficiary's response, USCIS shall Reaffirm the I-730 Petition for processing and shall issue to the Petitioner a Notice of Action indicating that the I-730 Petition has been Reaffirmed and sent to the U.S. Department of State's National Visa Center for completion of a Consular Interview and other processing.

3.    With respect to I-730 Petitions Reopened and approved pursuant to paragraph 2, USCIS shall not Reopen and Deny the I-730 Petitions of any Class Member for failure to comply with the instructions in the Public Service Announcement, but shall continue to keep those I-730 Petitions Administratively Closed and shall Reaffirm such Petitions if and when Class Members inform USCIS that their Beneficiaries will be able to attend a Consular Interview within six months of the date of the Petitioner or Beneficiary's response.

4.    Nothing in this Stipulation restricts USCIS from Denying an I-730 Petition filed by a Class Member or Putative Class Member on grounds other than the failure of a Beneficiary to appear for an interview.

5.    USCIS shall charge no fee to any Petitioner for the Reopening or Reaffirming of any case under Sections II or III of this Stipulation.

## IV.    Compliance/Dispute Resolution

In the event that either party to this Stipulation alleges that the other party has failed to comply with the terms of this Stipulation, either with respect to the class or to an individual Class Member, the complaining party shall inform the other party in writing of the specific grounds upon which non-compliance is alleged within 10 business days from the date of the complaining party's counsel's discovery of the alleged non-compliance. The party alleged to have failed to comply with the terms of the Stipulation shall investigate the alleged non-compliance, take any appropriate steps required to resolve the non-compliance concerning each individual case, and report the results of such investigation, including what steps, if any, were taken to resolve the non-compliance, in writing to the other party's undersigned counsel within ten (10) business days of the date on which the party alleged to have failed to comply with the Stipulation was notified. The parties agree to make good faith attempts to resolve all issues informally; however, if the dispute cannot be resolved informally within thirty (30) days of the date on which the party alleged to have failed to comply with the Stipulation was notified of the alleged non-compliance, either party may inform the Court of their disagreement and seek resolution of the dispute through a conference with a magistrate judge or other similar dispute resolution process conducted under the Court's auspices. If, within seven (7) days following conclusion of any

dispute resolution with a magistrate judge or through the Court's auspices, the parties have not resolved any issue regarding non-compliance, the complaining party must provide the other party a written statement that the issue has not been resolved. Seven (7) days after the complaining party has provided the written statement that the issue has not been resolved, either party may apply to the Court for enforcement of the Stipulation, but in no case shall either party apply to the Court to enforce the Stipulation without first following all of the steps in this paragraph.

## V.    Release and Dismissal of Claims

1.    On the Effective Date, this Action will be dismissed with prejudice, excluding claims that are to be withdrawn without prejudice pursuant to Paragraph V.2, and the Plaintiffs, on behalf of themselves, their heirs, executors, administrators, representatives, attorneys, successors, assigns, agents, affiliates, and partners, shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Parties of and from any and all of the Settled Claims, and shall forever be barred and enjoined from bringing or prosecuting any Settled Claim against any of the Released Parties. Nothing herein releases Defendants from their obligation to comply with the terms of this Stipulation.

2.    On the Effective Date, Plaintiffs' class-wide claims pertaining to I-730 Petitions that were Reopened and Denied because the Beneficiary appeared at a Consular Interview without the requested and/or required document(s) for processing will be dismissed without prejudice.

## VI.    No Admission of Liability

1.    This Stipulation does not constitute and shall not be construed or viewed as an admission of any wrongdoing or liability by any party.

15

2. This Stipulation shall not be offered or received against Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of Defendants of the truth of any fact alleged by the Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action, or of any liability, negligence, fault, or wrongdoing of Defendants, or any admission by Defendants of any violations of, or failure to comply with, the Constitution, laws or regulations.

3. This Stipulation shall not be offered or received against Defendants as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation.

## VII. Reservation of Jurisdiction and Termination

This Stipulation and all responsibilities and obligations contained herein shall begin on the Effective Date, unless otherwise specified. The parties agree that this Court will retain jurisdiction for three (3) years from the Effective Date to enforce the terms of this Stipulation, at which time this Stipulation will terminate.

## VIII. Attorneys' Fees and Costs

Within ninety (90) days of the Effective Date, Defendants will deliver to Plaintiffs' Counsel through direct deposit, provided accurate direct deposit information is provided by counsel for Plaintiffs, the sum of twenty-five thousand dollars ($25,000.00), in settlement of all claims for attorneys' fees and costs in, arising from, or in connection with this Action through

the date that the Final Approval Order of Class Action Settlement is signed by the parties, including any other attorneys' fees and/or litigation costs provided under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, or any other provision of law. After the Final Approval Order of Class Action Settlement is signed by the parties, if Plaintiffs apply to the Court for enforcement of the Stipulation after following the Compliance/Dispute Resolution procedures in accordance with the provisions of Paragraph IV of this Stipulation, they may seek reasonable attorneys' fees and costs arising from or in connection with such application for enforcement, provided that Plaintiffs prevail on any such application. Nothing in this paragraph precludes Defendants from raising any defense to any motion or request for attorneys' fees by Plaintiffs in connection with an application for enforcement of the Stipulation, including any claim of substantial justification or other defense to an award of fees under the EAJA, 28 U.S.C. § 2412. Except as otherwise provided in this Stipulation, Plaintiff agrees that she shall not seek, solicit or request any other attorneys' fees and/or litigation costs provided under the EAJA, 28 U.S.C. § 2412, or any other provision of law, with respect to this Action.

## IX.    Approval of Stipulation

1.    The parties contemplate and understand that this Stipulation is subject to approval by the Court in this Action in accordance with Federal Rule of Civil Procedure 23. In accordance with procedures and time schedules below, counsel for Plaintiff and Defendants shall take such actions, and prepare and file all appropriate notices, motions, and proposed order forms, as reasonably necessary to obtain both preliminary and final approval of this Settlement Agreement from the Court in this Action. Counsel for Plaintiffs and Defendants shall seek to accomplish the following:

17

a.    <u>Preliminary Approval</u>:  Within ten (10) days of signing this Stipulation, counsel for Plaintiffs and Defendants shall jointly request that the Court enter the Preliminary Approval Order.

b.    <u>Final Judgment</u>:  Counsel for Plaintiffs and Defendants shall jointly request that this Court enter the Final Judgment at the appropriate time following a fairness hearing in accordance with Federal Rule of Civil Procedure 23.

## X.    <u>Additional Provisions</u>

1.    This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties hereto or their successors-in-interest.

2.    The parties recognize that changes to statutory provisions or federal regulations may affect the operation of this Stipulation.  In the event that Defendants believe that a change in statute or regulation renders fulfillment of the obligations set forth in this Stipulation impossible or impracticable, Defendants shall provide Plaintiffs' counsel with not less than thirty (30) days' notice in writing of the statutory and regulatory change, and identify the provisions of this Stipulation affected.  The parties shall thereafter meet and confer concerning the Defendants' notice.  The parties agree to negotiate in good faith regarding modification(s) to this Stipulation to address the change in statute or regulation that Defendants believe renders fulfillment of the obligations set forth in this Stipulation impracticable or impossible.  The parties will jointly seek approval of any agreed-upon modifications to this Stipulation.  If the parties are not able to agree within twenty (20) days of Defendants' written notice, any party may make a motion to the Court

to seek relief. The parties agree that any relief sought with respect to this paragraph shall not include declaratory, injunctive, or other relief against the implementation or operation of the statutory or regulatory change affecting the operation of this Stipulation.

3.    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

4.    This Stipulation and its exhibits constitute the entire agreement among the parties hereto concerning the settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto other than those contained and memorialized in such documents.

5.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

6.    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized by the parties that this Stipulation is the result of arm's length negotiations between the parties and that all parties have contributed substantially and materially to the preparation of this Stipulation.

7.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

Dated: Nov 7, 2012
New York, New York

_____

YISROEL SCHULMAN
NEW YORK LEGAL ASSISTANCE GROUP
Jane Greengold Stevens
Jennifer Magida
Melissa Chua
7 Hanover Square, 18th floor
New York, NY 10004

*Attorneys for Plaintiffs*

_____

THEODORE W. ATKINSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation
District Court Section
Box 868, Ben Franklin Station
Washington, DC 20044

United States Attorney
Eastern District of New York

_____

SCOTT DUNN
Assistant United States Attorney

*Attorneys for Defendants*

20

# EXHIBIT A

## No-Show Letter

STIPULATION AND AGREEMENT OF SETTLEMENT

10-CV-02029 (NGG) (MDG)

- [LETTERHEAD]

This letter relates to the Refugee/Asylee Relative Petition (Form I-730 petition), that you (the Petitioner) filed on behalf of [insert Beneficiary's name] (the Beneficiary). That Form I-730 petition was approved by U.S. Citizenship and Immigration Services (USCIS) on [insert date] and sent to the U.S. Department of State's National Visa Center for the Beneficiary's overseas processing.

The Form I-730 petition was subsequently returned to USCIS because the Beneficiary failed to appear for a scheduled interview at a U.S. Embassy/Consulate in [insert office]. USCIS will not deny, but instead will hold (administratively close) the Form-I-730 petition until the Beneficiary can attend an interview at a U.S. Embassy/Consulate or USCIS overseas office. In order to further process the Form I-730 petition, including to verify the relationship between the Petitioner and Beneficiary so that the Beneficiary may receive refugee/asylee status, the Beneficiary must be interviewed at a U.S. Embassy/Consulate or USCIS overseas office. You must follow the instructions below to inform USCIS when the Beneficiary can appear. In the alternative, you may elect to withdraw the Form I-730 petition by writing a letter to this office with a copy of this letter, indicating your desire to withdraw the Form I-730 petition.

Instructions for How to Proceed If the Beneficiary
Can Attend an Interview in the Next Six Months

If you wish to proceed with processing of your Form I-730 petition, and if the Beneficiary CAN attend an interview at a U.S. Embassy/Consulate within six months, you must contact USCIS by calling the USCIS National Customer Service Center's toll free number at 1-800-375-5283 or 1-800-767-1833 (TDD for the hearing impaired). YOU MUST TELL THE CUSTOMER SERVICE REPRESENTATIVE THAT YOU ARE CALLING PURSUANT TO THE TSAMCHO (pronounced sam-cho) SETTLEMENT AGREEMENT. You will also need to provide updated contact information for both yourself and the Beneficiary, the Form I-730 petition receipt number, and the Beneficiary's and the Petitioner's A-numbers. There is no fee to reaffirm and proceed with the processing of your Form I-730 petition.

After USCIS receives your request, you will receive a Notice of Action indicating that the Form I-730 petition has been reaffirmed and has been sent to the U.S. Department of State's National Visa Center for interview scheduling.

Instructions for How to Proceed If the Beneficiary
Cannot Attend an Interview in the Next Six Months

If you wish to proceed with processing your Form I-730 petition, and if the Beneficiary CANNOT attend an interview at a U.S. Embassy/Consulate within six months, or the Beneficiary does not know whether he or she can attend an interview at a U.S. Embassy/Consulate within six months, USCIS will hold the Form I-730 petition until the Beneficiary is able to attend an interview. Three months prior, or as soon as you know that the Beneficiary can attend an interview, contact USCIS by calling the USCIS National Customer Service Center's toll free number at 1-800-375-5283 or 1-800-767-1833 (TDD for the hearing impaired). YOU MUST TELL THE CUSTOMER SERVICE REPRESENTATIVE THAT YOU ARE CALLING ABOUT THE TSAMCHO (pronounced sam-cho) SETTLEMENT AGREEMENT. You will also

need to provide updated contact information for both yourself and the Beneficiary, the Form I-730 receipt number, and the Beneficiary's and the Petitioner's A-numbers. There is no fee to reaffirm and proceed with the processing of your Form I-730 petition.

After USCIS receives your request, you will receive a Notice of Action indicating that the Form I-730 petition has been reaffirmed and has been sent to the U.S. Department of State's National Visa Center for interview scheduling.

--------

# EXHIBIT B

## NSII Group Notice

STIPULATION AND AGREEMENT OF SETTLEMENT

10-CV-02029 (NGG) (MDG)

Dear [Petitioner's Name]:

This letter contains an IMPORTANT LEGAL NOTICE FOR YOU, AS A PETITIONER WHO FILED A REFUGEE/ASYLEE RELATIVE PETITION (Form I-730 petition).

Pursuant to a Settlement Agreement in *Tsamcho v. Napolitano*, No. 10-CV-2029 (E.D.N.Y), U.S. Citizenship and Immigration Services (USCIS) has agreed to reopen Form I-730 petitions that were previously approved but then reopened and denied because the Beneficiary (relative) did not appear for processing at the U.S. Embassy/Consulate or USCIS overseas office. In those cases, USCIS will not deny, but instead will hold (administratively close) the reopened Form I-730 petition until the Beneficiary can appear at the U.S. Embassy/Consulate for processing. There will be no fee to reopen the Form I-730 petition, but the individual who filed the petition (the Petitioner) must contact USCIS to proceed with processing the Form I-730 petition.

USCIS has therefore reopened your previously denied Form I-730 petition. If you wish to proceed with the processing of your Form I-730 petition, you should follow these instructions.

Instructions for How to Proceed If the Beneficiary<br>Can Attend an Interview in the Next Six Months

If you wish to proceed with processing of your Form I-730 petition, and if the Beneficiary CAN attend an interview at a U.S. Embassy/Consulate within six months, you must contact USCIS by either calling the USCIS National Customer Service Center toll free number at 1-800-375-5283 or 1-800-767-1833 (TDD for the hearing impaired). YOU MUST TELL THE CUSTOMER SERVICE REPRESENTATIVE THAT YOU ARE CALLING ABOUT THE TSAMCHO (pronounced sam-cho) SETTLEMENT AGREEMENT. You will also need to provide updated contact information for both yourself and the Beneficiary, the Form I-730 petition receipt number, and the Beneficiary's and the Petitioner's A-numbers. There is no fee to reaffirm and proceed with the processing of your Form I-730 petition.

After USCIS receives your request, you will receive a Notice of Action indicating that the Form I-730 petition has been reaffirmed and has been sent to the U.S. Department of State's National Visa Center for interview scheduling.

Instructions for How to Proceed If the Beneficiary<br>Cannot Attend an Interview in the Next Six Months

If you wish to proceed with processing your Form I-730 petition, and if the Beneficiary CANNOT attend an interview at a U.S. Embassy/Consulate within six months or the Beneficiary does not know whether he or she can attend an interview at a U.S. Embassy/Consulate within six months, USCIS will hold the Form I-730 petition until the Beneficiary is able to attend an interview. Three months prior, or as soon as you know that the Beneficiary can attend an interview, contact USCIS by either calling the USCIS National Customer Service Center's toll free number at 1-800-375-5283 or 1-800-767-1833 (TDD for the hearing impaired). YOU MUST TELL THE CUSTOMER SERVICE REPRESENTATIVE THAT YOU ARE CALLING ABOUT THE TSAMCHO (pronounced sam-cho) SETTLEMENT AGREEMENT. You will also

need to provide updated contact information for both yourself and the Beneficiary, the Form I-730 petition receipt number, and the Beneficiary's and the Petitioner's A-numbers. There is no fee to reaffirm and proceed with the processing of your Form I-730 petition.

After USCIS receives your request, you will receive a Notice of Action indicating that the Form I-730 petition has been reaffirmed and has been sent to the U.S. Department of State's National Visa Center for interview scheduling.

--------

# EXHIBIT C

## Public Service Announcement

STIPULATION AND AGREEMENT OF SETTLEMENT

10-CV-02029 (NGG) (MDG)

**IMPORTANT NOTICE for anyone who is a REFUGEE OR ASYLEE
who is trying to bring a family member to the United States,
(Form I-730 PETITION),
and whose family member has had trouble or might have trouble
getting to the U.S. Embassy or Consulate for his or her interview.**

Pursuant to a Settlement Agreement in *Tsamcho v. Napolitano*, No. 10 CV 2029 (E.D.N.Y), from now on, U.S. Citizenship and Immigration Services (USCIS) will not deny, but instead will hold (administratively close) approved Form I-730 petitions when the Beneficiary (relative) does not appear at a U.S. Embassy/Consulate for an interview and processing. The Form I-730 petition will continue to be processed when the individual who filed the petition (the Petitioner) notifies USCIS that the Beneficiary is available to appear at the U.S. Embassy/Consulate.

- To contact USCIS when the Beneficiary of your Form I-730 petition is available to appear for processing, you must call the National Customer Service Center (NCSC): 1-800-375-5283 or 1-800-767-1833 (TDD for the hearing impaired). YOU MUST TELL THE CUSTOMER SERVICE REPRESENTATIVE THAT YOU ARE CALLING ABOUT THE TSAMCHO (pronounced sam-cho) SETTLEMENT AGREEMENT. You will also need to provide updated contact information for both yourself and the Beneficiary, the Form I-730 petition receipt number, and the Beneficiary's and the Petitioner's A-numbers. There is no fee to reaffirm and proceed with the processing of your Form I-730 petition.

  After USCIS receives your request, you will receive a Notice of Action indicating that the Form I-730 petition has been reaffirmed and has been sent to the U.S. Department of State's National Visa Center for interview scheduling. There is no fee to proceed with the processing of your Form I-730 petition.

Pursuant to the same settlement agreement, USCIS has agreed to reopen Form I-730 petitions that were previously approved but then reopened and denied because the Beneficiary did not appear for processing at the U.S. Embassy/Consulate or USCIS office overseas. In those cases, USCIS will not deny, but instead will reopen and then hold (administratively close) the Form I-730 petition until the Beneficiary can appear at the U.S. Embassy/Consulate for processing. There will be no fee to reopen the Form I-730 petition, but the Petitioner must contact USCIS to have the Form I-730 petition reopened.

If your Form I-730 petition was denied, you are eligible to have your Form I-730 petition reopened if:

    (1)    You filed a Refugee/Asylee Relative Petition on Form I-730; and,

    (2)    USCIS approved the Form I-730 petition; and,

    (3)    The Beneficiary did not appear at a U.S. Embassy/Consulate for a required interview; and,

    (4)    USCIS then reopened and denied the Form I-730 petition solely because

the Beneficiary did not appear at the U.S. Embassy/Consulate for the interview.

You are not eligible to have your Form I-730 petition reopened if the Form I-730 petition was denied for some reason other than the failure of the Beneficiary to appear for an interview at a U.S. Embassy/Consulate.

If you believe your Form I-730 petition was denied and that you are eligible to have your case reopened, you must:

- Make a request to USCIS by calling the National Customer Service Center (NCSC): 1-800-375-5283 or 1-800-767-1833 (TDD for the hearing impaired). YOU MUST TELL THE CUSTOMER SERVICE REPRESENTATIVE THAT YOU ARE CALLING ABOUT THE TSAMCHO (pronounced sam-cho) SETTLEMENT AGREEMENT. You will also need to provide updated contact information for both yourself and the Beneficiary, the Form I-730 petition receipt number, and the Beneficiary's and the Petitioner's A-numbers. When making the request, you should inform USCIS if the Beneficiary will or will not be able to appear at the U.S. Embassy/Consulate or USCIS overseas office within six months. If the Beneficiary is able to appear within six months, you should also indicate when and where he or she can appear. This will ensure appropriate handling if USCIS determines the case should be reopened.

After USCIS receives your request, and if your case is reopened and your Beneficiary can appear within six months, you will receive a Notice of Action indicating that your Form I-730 petition has been reaffirmed and has been sent to the U.S. Department of State's National Visa Center for interview scheduling.

- If your Beneficiary cannot attend an interview within the next six months, USCIS will not deny, but instead will hold (administratively close) the Form I-730 petition until you inform USCIS that the Beneficiary can appear at the U.S. Embassy/Consulate for an interview. Three months prior, or as soon as you know that the Beneficiary will be able to appear for an interview, you should inform USCIS in accordance with the instructions above. There is no fee to reaffirm and proceed with the processing of your Form I-730 petition.

After USCIS receives your request, you will receive a Notice of Action indicating that your Form I-730 petition has been reaffirmed and has been sent to the U.S. Department of State's National Visa Center for interview scheduling.

# EXHIBIT D

## CLASS SETTLEMENT NOTICE

STIPULATION AND AGREEMENT OF SETTLEMENT

10-CV-02029 (NGG) (MDG)

**IMPORTANT NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
FOR INDIVIDUALS WHO HAVE
FILED A *REFUGEE/ASYLEE RELATIVE PETITION* (Form I-730 Petition)
ON BEHALF OF A RELATIVE**

A proposed settlement of a federal class action lawsuit may affect your rights.

In May 2010, a class action lawsuit, *Tsamcho v. Napolitano*, No. 10 CV 2029 (E.D.N.Y), was filed in federal court for the Eastern District of New York, challenging U.S. Citizenship and Immigration Services' (USCISs') reopenings and denials of refugee /asylee Form I-730 petitions when the relative of the Petitioner (the Beneficiary) was unable to appear at the U.S. Consulate or Embassy for an interview.

The lawyers for plaintiffs and defendants have agreed on terms to settle this litigation. The lawyers for both sides believe that the proposed settlement agreement is best for all Class Members. The Court must approve the settlement agreement in order for it to take effect.

If you are a member of the class, you have a right to learn about the terms of the proposed settlement and to comment on or object to the terms.

## WHO IS INCLUDED IN THE PROPOSED SETTLEMENT?

Any refugee or asylee who has submitted or will submit a Form I-730 petition to USCIS and whose Form I-730 petition was approved or will be approved by USCIS, but whose Beneficiary of that Form I-730 petition did not or will not appear for a Consular Interview for processing on the original appearance date is a member of the Class and will be affected by the Settlement.

## THE TERMS OF THE PROPOSED SETTLEMENT

USCIS has agreed not to deny, but instead to hold (administratively close) approved Form I-730 petitions when the Beneficiary does not appear at a U.S. Consulate or Embassy for an interview and processing. The Form I-730 petition will continue to be processed when the individual who requested the petition (the Petitioner) notifies USCIS that the Beneficiary is available to appear at the U.S. Consulate or Embassy.

USCIS has agreed to reopen Form I-730 petitions that were previously approved but then reopened and denied because the Beneficiary did not appear for processing at the U.S. Consulate or Embassy. In those cases, the reopened Form I-730 petition will not be denied, but will be held (administratively closed) until the Beneficiary can appear at the U.S. Consulate or Embassy for processing. There will be no fee to reopen the Form I-730 petition, but the individual who filed the petition must contact USCIS to have the Form I-730 petition reopened and to continue its processing. Individuals who have had their I-730 petitions denied will be able to call a toll-free number to have the case reopened.

USCIS has also agreed that if you do not know when your Beneficiary will be able to attend a Consular Interview, USCIS will not deny, but instead will hold (administratively close) the I-730 petition. You can contact USCIS before your Beneficiary will be able to attend a Consular Interview, and USCIS will then continue to process your request.

### WHAT IS A FAIRNESS HEARING?

Before the settlement can take effect, the Court will hold a "Fairness Hearing" to decide whether the settlement is fair, reasonable, and adequate and whether it is in the best interests of the Class Members. At the hearing, Class Counsel and the Defendants will ask the Court to approve the settlement agreement. If there are objections, the Court will consider them. The Court will then decide whether to approve the settlement.

### HOW DO I GET MORE INFORMATION?

If you wish to look at the entire proposed settlement agreement before deciding whether to comment, object or attend the Fairness Hearing, you can ask for a copy from Tsamcho Counsel at: New York Legal Assistance Group, Seven Hanover Square, 18th floor, New York, New York 10004 or by calling 212-946-0353.

## YOU DO NOT NEED TO DO ANYTHING TO BE PART OF THIS SETTLEMENT.

You do not have to do anything to take advantage of this settlement. But, if you are a Class Member and you want to comment on the terms of the settlement or if you disagree with the proposed settlement, you can state your opinion or tell the Court why you do not agree with the settlement or some part of it. The Court will consider your views.

To comment or object, send your comments to Tsamcho Counsel at New York Legal Assistance Group, Seven Hanover Square, 18th Floor, New York, New York 10001. Write down your objections or comments and at the top of the first page write *Tsamcho v. Napolitano*, No. 10 CV 2029 (E.D.N.Y). Sign your name and put your address and telephone number on the bottom of your letter.

### OR

You are welcome to come to the Fairness Hearing to tell the judge what you think. The Court will hold a Fairness Hearing on _____, 2012 _____ United States Courthouse, located _____.

# EXHIBIT E

## PRELIMINARY APPROVAL ORDER

STIPULATION AND AGREEMENT OF SETTLEMENT

10-CV-02029 (NGG) (MDG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

LHAKPA TSAMCHO, on behalf of herself and all
other similarly situated individuals,

                    Plaintiff,                                10-CV-02029 (NGG) (MDG)

        -against-                                            (ECF CASE)

JANET NAPOLITANO, in her official capacity as
Secretary of Department of Homeland Security;               **PRELIMINARY APPROVAL
ALEJANDRO MAYORKAS, in his official capacity                ORDER OF THE CLASS ACTION
as Director of United States Citizenship and                SETTLEMENT**
Immigration Services; DONALD NEUFELD, in his
official capacity as Associate Director of the Service
Center Operations Directorate of United States
Citizenship and Immigration Services; GREGORY
RICHARDSON, in his official capacity as Director
of the Texas Service Center of the United States
Citizenship and Immigration Services; and MARK
HAZUDA, in his official capacity as Director of the
Nebraska Service Center of United States
Citizenship and Immigration Services,

                    Defendants.

-------------------------------------------------------------

        This matter comes before the Court on the joint request (the "Joint Motion") of Lhakpa

Tsamcho and a class of persons similarly situated (collectively, "Plaintiffs" or "Settlement Class

Members"), on the one hand, and Defendants Janet Napolitano, in her official capacity as

Secretary of Homeland Security, *et al.* ("Defendants"), on the other, for preliminary approval of

the Stipulation and Agreement of Class Action Settlement (the "Stipulation"), dated 11/7/12 ,

2012. The Court has reviewed the Stipulation and its attached exhibits, and the Joint Motion and

its attached exhibits, and, good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

Definitions. For the purposes of this Order, the Court adopts by reference the definitions set forth in the Definitions section and throughout the Stipulation, dated 11/7 , 2012, which is attached to the Joint Motion as Exhibit 1.

Certification of a Settlement Class. The Court hereby finds that, for settlement purposes only, all requirements for class certification under Federal Rule 23(a) and (b)(2) have been met in this case. For settlement purposes, the Court thereby certifies a class as:

> Petitioners who have submitted or will submit an I-730 Petition to USCIS and whose I-730 Petition has been or will be approved by USCIS, but whose Beneficiary of that I-730 Petition did not or will not appear for a Consular Interview for processing in accordance with 8 C.F.R. §§ 207.7(f)(2) or 208.21(d) and related provisions.

Preliminary Approval. The Court preliminarily approves the settlement of the Action as set forth in the Stipulation and Exhibits thereto as being fair, reasonable, and adequate to the Parties. Specifically, this Court finds that settlement of this Action under the terms agreed to by the Parties with respect to the treatment and handling of I-730 Petitions and with respect to all other terms and obligations is fair and reasonable.

If the above settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Stipulation is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date on which the parties signed the Stipulation. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties, shall be deemed to be without

prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Stipulation or herein.

Fairness Hearing. A Fairness Hearing will be held on _____, 2012, at ___ _.m., at which time the Court will determine whether the certification of a class for settlement purposes and settlement of the Action should be finally approved as fair, reasonable, and adequate and whether the Judgment and Order of Dismissal with Prejudice (the "Final Judgment") should be entered.

Form and Content of the Notice. The Court approves, as to form and content, for distribution to Putative Class Members, the Class Settlement Notice in the form of Exhibit D attached to the Stipulation.

Mailed Notice and Publication. No later than 14 days after the date upon which the Court enters the Preliminary Approval Order, Defendants must mail the Class Settlement Notice to all NSII Group Members at their last address known to Defendants by first class mail. No later than 14 days after the date upon which the Court enters the Preliminary Approval Order, Defendants must cause the Class Settlement Notice to be published on the website maintained by USCIS and circulated to those websites identified by the parties pursuant to paragraph III.B.1 of the Stipulation, attached hereto as Exhibit 1. Defendants' Counsel shall file with the Court no later than 5 business days prior to the Settlement Hearing a declaration stating that the mailings and publication have been completed in accordance with the terms of this Preliminary Approval Order.

Best Practicable Notice. The Court finds that dissemination of the Class Settlement Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Class Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

Objections. Any Class Member who objects to the settlement shall have the right to appear and be heard at the Fairness Hearing. The manner in which a Notice of Objection should be prepared, filed, and delivered shall be stated in detail in the Class Settlement Notice. Any Class Member who does not make his or her objection in writing prior to the Fairness Hearing or at the Fairness Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the Settlement unless otherwise ordered by the Court.

Defendants' Denial of Liability. The Court notes that Defendants deny any liability to Plaintiff or to the Class Members for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendants consider it desirable that the Action be dismissed and that the claims against Defendants be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendants arising from the acts, transactions or occurrences alleged in the Complaint.

SO ORDERED this _____ day of _____, 2012.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

YISROEL SCHULMAN
NEW YORK LEGAL ASSISTANCE
GROUP
Jane Greengold Stevens
Jennifer Magida
Melissa Chua
Seven Hanover Sq. 18th fl.
New York, NY 10004


Attorneys for Plaintiffs

/S/

THEODORE W. ATKINSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation
District Court Section
Box 868, Ben Franklin Station
Washington, DC 20044

KIMBERLY L. WIGGANS
Trial Attorney
Office of Immigration Litigation,
District Court Section

United States Attorney
Eastern District of New York

SCOTT DUNN
Assistant United States Attorney

Attorneys for Defendants

# EXHIBIT F

## FINAL APPROVAL ORDER

STIPULATION AND AGREEMENT OF SETTLEMENT

10-CV-02029 (NGG) (MDG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

LHAKPA TSAMCHO, on behalf of herself and all
other similarly situated individuals,

                              Plaintiff,                          10-CV-02029 (NGG) (MDG)

              -against-                                           (ECF CASE)

JANET NAPOLITANO, in her official capacity as
Secretary of Department of Homeland Security;                    **FINAL APPROVAL ORDER OF**
ALEJANDRO MAYORKAS, in his official capacity                     **THE CLASS ACTION**
as Director of United States Citizenship and                     **SETTLEMENT**
Immigration Services; DONALD NEUFELD, in his
official capacity as Associate Director of the Service
Center Operations Directorate of United States
Citizenship and Immigration Services; GREGORY
RICHARDSON, in his official capacity as Director
of the Texas Service Center of the United States
Citizenship and Immigration Services; and MARK
HAZUDA, in his official capacity as Director of the
Nebraska Service Center of United States
Citizenship and Immigration Services,

                              Defendants.

------------------------------------------------------------------

This matter comes before the Court on the joint request of Lhakpa Tsamcho and a class

of persons similarly situated (collectively, "Plaintiffs" or "Settlement Class Members"), on the

one hand, and Defendants Janet Napolitano, in her official capacity as Secretary of Homeland

Security, *et al.* ("Defendants"), on the other, for final approval of the Stipulation and Agreement

of Class Action Settlement (the "Stipulation"), dated 11│7 , 2012, and for a final judgment in

this action.

Notice of the Stipulation was sent to ___ class members at their last mailing address known to Defendants. Notice was also published on the website of U.S. Citizenship and Immigration Services ("USCIS"), as well as on public interest group and other websites. A total of ___ class members objected to the Settlement.

The Court being duly advised in the premises,

IT IS HEREBY ORDERED AS FOLLOWS:

1.    <u>Definitions</u>. For the purposes of this Order, the Court adopts by reference the definitions set forth in the Definitions section and throughout the Stipulation, dated 11/9, 2012, which is attached hereto as Exhibit 1.

2.    <u>Notice</u>. The Court finds that the distribution of the Notice of Class Action Settlement as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all persons within the definition of the Class, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure and, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3.    <u>Final Approval</u>. The Court finds that the Settlement to be implemented by the parties is fair, reasonable, and adequate, and accordingly, the Court approves the Settlement, as follows:

a.    The Court hereby dismisses with prejudice the Action and all Settled Claims against Defendants except those claims that have been dismissed without prejudice pursuant to the Stipulation.

b.    The Parties have agreed upon Attorney's Fees and Costs, as provided in the

Stipulation.

c.   Upon the Effective Date, the Plaintiff and all Class Members shall be deemed to have, and by operation of law shall have, fully, finally, and forever released and discharged all Settled Claims against each and all of the Defendants.

5.   <u>Jurisdiction</u>. The Court finds that it has jurisdiction over the subject matter of the Action, the Plaintiff, the other Class Members, and Defendants.  The Court reserves exclusive and continuing jurisdiction and venue to implement, enforce, construe, and interpret the Stipulation or Judgment.

6.   <u>Entry of Judgment</u>.  There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith.


SO ORDERED this _____ day of _____, 2012.


_____
UNITED STATES DISTRICT JUDGE

Presented by:

YISROEL SCHULMAN
NEW YORK LEGAL ASSISTANCE
GROUP
Jane Greengold Stevens
Jennifer Magida
Melissa Chua
Seven Hanover Sq. 18th fl.
New York, NY 10004

Attorneys for Plaintiffs

/s/ _____
THEODORE W. ATKINSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation
District Court Section
Box 868, Ben Franklin Station
Washington, DC 20044

KIMBERLY L. WIGGANS
Trial Attorney
Office of Immigration Litigation,
District Court Section

United States Attorney
Eastern District of New York

SCOTT DUNN
Assistant United States Attorney

Attorneys for Defendants